RECEIVED
MAY - 7 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| COTTONWOOD DEVELOPMENT | CIVIL ACTION NO. 6:13-954 |
| VERSUS | JUDGE DOHERTY |
| CHARLES WALTER MOTER, ET AL. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Currently pending before the Court is a motion for summary judgment [Doc. 19], filed by defendant/counterclaimant/crossclaimant, the United States of America. Pursuant to its motion, the United States seeks a "judgment foreclosing its federal tax lien against the parcel of real property at issue, ordering that the property be sold according to law, free and clear of the liens and claims of the parties herein, and ordering that the net proceeds of the sale be paid to the United States on account of its tax lien, but only after [plaintiff] Cottonwood Development is reimbursed for the property taxes it has paid in relation to the property." [Id. at 1] For the following reasons, the motion is DENIED.

**I.   Background**

On April 8, 2013, plaintiff Cottonwood Development filed this suit, in state court, to quiet title to a parcel of real property located in Lafayette Parish, Louisiana, which plaintiff purchased at a tax sale in 2009. [Doc. 1-2] In its suit, plaintiff named the following defendants: Charles Walter Moter; the United States of America, Department of Treasury - Internal Revenue Service; the State

of Louisiana; the Lafayette Parish School Board; and NCO Portfolio Management, Inc. The United States is the only defendant who has answered plaintiff's suit to date. On May 8, 2013, the United States removed the matter to this Court.[1] [Doc. 1, p. 1] On June 10, 2013, the United States filed its answer, as well as a counterclaim against plaintiff, and a crossclaim against the remaining defendants to plaintiff's suit (*i.e.*, Charles Walter Moter; the State of Louisiana, Department of Revenue; the Lafayette Parish School Board; and NCO Portfolio Management, Inc.), as well as three additional defendants, namely, IberiaBank; BEST Cleaning Service, Inc., d/b/a BEST Carpet Care; and Lafayette City-Parish Consolidated Government. [Doc. 8, p. 4] The United States has brought suit against the foregoing parties because "each of them may claim an interest in and/or a lien on [the] property upon which the United States seeks to foreclose its federal tax liens." [Doc. 8, pp. 5-6; *see also id.* at pp. 8-9] By its counterclaim/crossclaim, the United States seeks to foreclose its federal tax liens upon the property at issue in this action, to sell the property, and to distribute the proceeds of sale in accordance with the rights of the parties. [Doc. 8; Doc. 19-2, p. 2]

The property at issue in this suit was formerly owned by defendant Charles Walter Moter. [Doc. 19-2, p.2] On June 2, 2003, an assessment of federal income tax, penalties and interest was made against Charles Walter Moter by the United States for the year 2002. [Id.] Pursuant to Internal Revenue Code ("IRC") sections 6321 and 6322, a lien for that year arose on June 2, 2003 and attached to Moter's undivided interest in the property at issue. [Id.] On March 30, 2004, in accordance with IRC section 6323(f), a Notice of Federal Tax Lien was filed against Charles Walter Moter in the mortgage records of the Parish of Lafayette. [Id. at 2-3] The Notice was refiled on

---

[1] Jurisdiction is by virtue of 28 U.S.C. §§ 1442(a)(1), and 1444.

February 22, 2013.[2] [Id. at 3]

Due to delinquent property taxes owed by Charles Walter Moter to the Parish of Lafayette, the Sheriff for Lafayette Parish offered the property at a non-judicial foreclosure sale from May 6 through May 8, 2009. [Id. at 3] Notice of the sale was not provided to the United States in the manner mandated by 26 U.S.C. § 7425(c).[3] Cottonwood purchased tax sale title to the property at issue and recorded its Tax Sale Certificate in the conveyance records of the Lafayette Parish Clerk of Court on May 21, 2009. [Doc. 19-1, p. 6; Doc. 19-16, Doc. 21-1, p. 1]

As previously noted, the United States now seeks a "judgment foreclosing its federal tax lien against the parcel of real property at issue, ordering that the property be sold according to law, free and clear of the liens and claims of the parties herein, and ordering that the net proceeds of the sale be paid to the United States on account of its tax lien, but only after Cottonwood Development is reimbursed for the property taxes it has paid in relation to the property." [Doc. 19, p. 1]

II.   **Applicable Law and Analysis**

When a "nonjudicial sale" of property on which the United States has a lien occurs, and the

---

[2]The remaining defendants' liens were all filed with the Lafayette Parish Clerk of Court subsequent to the filing of the United States' Notice of Federal Tax Lien. [Doc. 19-10 (IberiaBank judgment recorded April 13, 2004); Doc. 19-11 (BEST Cleaning Services, Inc. contractor's lien recorded August 5, 2004); Doc. 19-12 (State of Louisiana, Department of Revenue Notices of State Tax Assessment and Liens recorded June 13, 2005 and October 23, 2006); Doc. 19-13 (Lafayette Parish School Board judgment recorded June 21, 2005); Doc. 19-14 (NCO Portfolio Management, Inc. judgment recorded July 24, 2007); Doc. 19-15 (Lafayette City-Parish Consolidated Government Notice of Assessment of Grass-Cutting and/or Debris Removal Charges and Lien recorded January 23, 2008)] In the absence of a controlling federal statute, the principle of "first in time is the first in right" controls when attempting to determine priority between two or more competing liens. *United States v. City of New Britain, Conn.*, 347 U.S. 81, 85 (1954); *U.S. v. Roessling*, 280 F.2d 933, 935-36 (5th Cir. 1960).

[3]The sheriff complied with Louisiana state law by publishing notice of the tax sale in a local newspaper, but did not provide notice to the United States in the manner mandated by federal law. [Doc. 19-1, p. 5; Doc. 19-2, p. 5]

United States has filed notice of its lien more than 30 days before the sale, the sale is "made subject to and without disturbing such lien. . . ." 26 U.S.C. § 7425(b)(1).[4] Specifically, the pertinent provisions of the Federal Tax Lien Act provide as follows:

> (b) Other sales.– . . . a sale of property on which the United States has or claims a lien . . . , under the provisions of this title, made pursuant to an instrument creating a lien on such property . . . --
>
> > (1) shall, except as otherwise provided, be made subject to and without disturbing such lien or title, if notice of such lien was filed or such title recorded in the place provided by law for such filing or recording more than 30 days before such sale and the United States is not given notice of such sale in the manner prescribed in subsection (c)(1) . . . .
>
> . . . .
>
> (c) Special rules.--
>
> > (1) Notice of sale.--Notice of a sale to which subsection (b) applies shall be given (in accordance with regulations prescribed by the Secretary) in writing, by registered or certified mail or by personal service, not less than 25 days prior to such sale, to the Secretary.

26 U.S.C. § 7425(b)-(c).

---

[4] When, as in this matter, the United States is not joined as a party to the foreclosure proceedings, a distinction is made between sales pursuant to "judicial proceedings" and "other sales." *Id.*; *see also* 26 U.S.C. § 7425(a), (b). Essentially, a "judicial proceeding" under the Federal Tax Lien Act is a "plenary judicial proceeding[] embodying the procedures associated with a complete and formal hearing on the merits," whereas an "other sale" is "a more informal summary determination." *Myers v. United States*, 647 F.2d 591, 599 (5th Cir. 1981). Louisiana has adopted a summary procedure for tax sales. *See e.g.* La. R.S. 47:2153. Plaintiff's do not dispute defendant's contention that the property was disposed of at a non-judicial "other sale." However, even if the tax sale in this matter constituted a "judicial proceeding," the result would be the same, because the United States was not joined as a party to the state court proceedings. *See* 26 U.S.C. § 7425(a) (If the United States is not joined as a party to an action affecting property upon which the United States has a lien, any judgment or judicial sale pursuant to such judgment "shall be made subject to and without disturbing the lien of the United States, if notice of such lien has been filed in the place provided by law for such filing at the time such action or suit is commenced. . . .") In this matter, the United States was not joined as a party to the proceedings in state court, and thus, even if the sale was made pursuant to a judicial proceeding, the sale would not disturb the United States' lien, as it filed its Notice of Federal Tax Lien prior to commencement of the state court proceedings.

In this matter, it is undisputed the United States filed its tax lien more than thirty days before the tax sale. [Doc. 19-1, p. 4, ¶ 10] It is further undisputed that the United States did not receive notice of the sale in the manner required by the statute and applicable regulations.[5] [Doc. 19-1, p. 5, ¶ 18] Consequently, the sale was made subject to and without disturbing the United States' tax liens. 26 U.S.C. § 7425(b)(1); *see also Myers* at 596 ("Although under state law the inferior mortgages and liens were discharged by the foreclosure sale, it is not disputed that, if the proper type of notice required by federal statute is not afforded where so required, the federal tax lien then remains unaffected by the foreclosure process and will follow the property into the hands of the subsequent purchaser. . . .")

In its opposition, plaintiff Cottonwood argues "the Motion for Summary Judgment by the IRS lacks merit, and there are genuine issues of material fact in existence precluding summary judgment. . . ." [Doc. 21, p. 4] However, Cottonwood has identified no *facts* in dispute. Indeed, plaintiff's only argument is *legal – i.e.*, that Louisiana law applies, and pursuant to Louisiana law, the notice provided to the United States was sufficient. [Id. at pp. 5-11] In support of its position Louisiana law should apply, plaintiff's entire argument is as follows:

> A federal tax lien attaches to "all property and rights to property, whether real or personal" belonging to a delinquent taxpayer. I.R.C. § 6321. Whether such a taxpayer has any rights to property is a question determined by state law. *Prewitt v.*

---

[5]In this matter, the sheriff advertised the sale of the property in editions of the Daily Advertiser, a newspaper published in Lafayette, Louisiana. [Doc. 19-1, p. 5, ¶ 18] However, for notice to be proper against the United States for a sale under section 7425(b), the notice "shall be given, in writing by registered or certified mail or by personal service, not less than 25 days prior to the date of sale . . . to the Internal Revenue Service (IRS) official, office and address specified in IRS Publication 786. . . ." 26 C.F.R. § 301.7425-3; *see also* 26 U.S.C. § 7425(c)(1) ("Notice . . . shall be given . . . in writing, by registered or certified mail or by personal service. . . .) It is undisputed the notice issued in this matter did not comply with the foregoing statute and regulations. "The statute [and applicable IRS regulation] allows for no alternative to the specified methods of delivery." *Colorado Property Acquisitions, Inc. v. U.S.*, 894 F.2d 1173, 1174-75 (10th Cir. 1990).

> *United States*, 792 F.2d 1353, 1355 (5th Cir. 1986). In determining the extent of the "property and rights to property" (§ 6321) to which a government tax lien attaches, we have looked to state law. *United States v. Brosnan*, 363 U.S. 237; 80 S.Ct. 1108 (June 13, 1960) citing *United States v. Bess*, 357 U.S. 51, 55 (1958).

[Id. at 5]

Plaintiff is correct that state law determines the nature and extent of a taxpayer's property interest when a federal tax lien is asserted. *In re Orr*, 180 F.3d 656, 660 (5th Cir. 1999). However, "the consequences that attach to those interests are determined by reference to federal law." *Id.* (citing *United States v. Rodgers*, 461 U.S. 677, 683 (1983); *Aquilino v. United States*, 363 U.S. 509, 513 (1960)); *see also United States v. Bess*, 357 U.S. 51, 57 (1958)("[S]tate law is inoperative to prevent the attachment of liens created by federal statutes in favor of the United States"); *U.S. v. National Bank of Commerce*, 472 U.S. 713, 722 (1985)(after the nature and extent of taxpayer's property interest is determined under state law, state law becomes inoperative and "the tax consequences thenceforth are dictated by federal law"). In light of the foregoing, the Court finds federal law, rather than the law of Louisiana, governs whether notice of the tax sale was properly provided to the United States. The Court further finds proper notice of the tax sale was not provided to the United States. Accordingly, the sale was made subject to, and without disturbing, the United States' lien on the property. 26 U.S.C. § 7425(b).

Again, the United States moves this Court to: (1) enter a judgment foreclosing its federal tax lien against the parcel of real property at issue, (2) order that the property be sold according to law, free and clear of the parties herein, and (3) order that the proceeds of the sale be paid to the United States to be applied to Charles W. Moter's outstanding federal income tax liability for 2002, after

Cottonwood Development is reimbursed for the property taxes it has paid in relation to the property.[6]

[Doc. 19-2, pp. 7-8] In support of this relief, the United States argues as follows:

> The United States is entitled to enforce its tax liens against the property in question. 26 U.S.C. § 7403(a). All persons who have liens on that property or who may claim any interest in that property have been named as parties to this action, and this Court may adjudicate the claims of the parties to the property and order its sale for satisfaction, or partial satisfaction, of the United States' and the other parties' claims. *Id.* § 7403(b), (c).
>
> . . . .
>
> Now that the three-year redemption period [under state law] has passed, it appears that the tax sale has freed the property of the various liens that previously encumbered it, *see* La. Rev. Stat. §47:2121, except of course for the United States' tax lien, for the reasons described above. In any event, the Notice of Federal Tax Lien, filed on March 30, 2004, was filed before all other liens at issue here.

[Doc. 19-2, pp. 5, 6]

Although the United States asserts "[a]ll persons who have liens on that property or who may claim any interest in that property have been named as parties to this action," the Court has found no evidence in the record that the United States' crossclaim has been served upon IberiaBank, BEST Cleaning Service, Inc., or Lafayette City Parish Consolidated Government.[7] When a defendant is not served with process, the district court lacks jurisdiction over that defendant (unless service is waived), and any judgment rendered is void. *See e.g. Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988); *Jones v. Watts*, 142 F.2d 575, 576-77 (5th Cir.

---

[6]*See* 26 U.S.C. § 7403(a)-(c).

[7]While it appears summons was issued by the Clerk of Court for the above referenced parties [Doc. 13], the Court has not located any return of service. With regard to the remaining defendants, in its Answer/Counterclaim/Crossclaim, the United States certifies it served a copy of the foregoing pleading on Cottonwood Development, Charles Walter Moter, the State of Louisiana, Department of Revenue, the Lafayette Parish School Board, and NCO Portofolio Management, Inc. [Doc. 8, p. 12]

1944)("It is well settled that when government invokes the aid of the court as a litigant it stands as any other litigant, with the same obligation to give effect to the rights of the person sued.")

Additionally, while it appears the remaining defendants named by the United States (*i.e.*, Charles Walter Moter, the State of Louisiana, Department of Revenue, the Lafayette Parish School Board, and NCO Portfolio Management, Inc.) have been served with process, they have made no appearance in this matter, and the United States has not moved for a default judgment against the foregoing defendants. According to the allegations of the United States' crossclaim, all of the named defendants have or may have an interest in the property for which the United States seeks an adjudication as to the priority of its tax lien. Therefore, "it would appear to this Court that, before acting upon [the United States'] motion for a sweeping summary judgment, either answers should be filed by said defendants or default judgments should be obtained against them pursuant to Rule 55." *United States v. McFaddin Express, Inc.*, 197 F.Supp. 289, 290 (D.Conn. 1961); *see also U.S. v. Raleigh Restaurant*, 398 F.Supp. 496, 498 (D.C.N.Y. 1975); *Logan Planing Mill Co. v. Fidelity & Cas. Co. of New York*, 212 F.Supp. 906, 924 (D.C.W.Va. 1962).

In light of the foregoing, the Court finds that although the United States has carried its burden to show it is entitled to the relief it seeks against plaintiff Cottonwood Development, such relief cannot be granted at this time. It appears all parties with an interest in the real property at issue have not been made parties to this suit, and thus, the United States has not shown it is entitled to the relief requested. *See* 26 U.S.C. § 7403(b) (A civil action to enforce the government's lien or subject property to the payment of tax requires "[a]ll persons having liens upon or claiming any interest in the property involved in such action" to be made parties thereto). With regard to those defendants who have been properly served but have made no appearance, the Court finds the United States must

either obtain a default judgment against them, or show that the summary judgment it seeks is procedurally proper without an appearance by those defendants. In light of the foregoing, the motion for summary judgment [Doc. 19] is DENIED.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___7th___ day of May ~~April~~ 2015.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE