RECEIVED
DEC - 5 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| COTTONWOOD DEVELOPMENT | CIVIL ACTION NO. 6:13-954 |
| VERSUS | JUDGE DOHERTY |
| CHARLES WALTER MOTER, ET AL. | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM RULING

Currently pending before the Court is a motion for summary judgment [Doc. 33], filed by defendant the United States of America. Pursuant to its motion, the United States seeks a judgment against plaintiff Cottonwood Development, holding: (1) the United States has a valid federal tax lien over a certain parcel of real property purchased by plaintiff at a tax sale conducted by the sheriff for the Parish of Lafayette; and (2) recognizing plaintiff holds a claim in priority to the federal tax lien for property taxes plaintiff has paid in relation to the property. [Id. at 1] For the following reasons, the motion is GRANTED.

On April 8, 2013, plaintiff filed this suit in state court to quiet title to a parcel of real property located in Lafayette Parish, Louisiana, which plaintiff purchased at a tax sale in 2009. [Doc. 1-2] In its suit, plaintiff named the following defendants: Charles Walter Moter; the United States of America, Department of Treasury - Internal Revenue Service; the State of Louisiana, Department of Revenue; the Lafayette Parish School Board; and NCO Portfolio Management, Inc. The United States is the only defendant who has answered plaintiff's suit to date.

On May 8, 2013, the United States removed the matter to this Court.[1] [Doc. 1, p. 1] On June 10, 2013, the United States filed its answer, as well as a counterclaim against plaintiff and a cross-claim against its co-defendants, asserting each of the foregoing parties may claim an interest in and/or a lien upon the property at issue in this matter.[2] [Doc. 8, pp. 4-6; *see also id.* at pp. 8-9] Pursuant to its suit, the United States seeks foreclosure of its federal tax lien on the property, a judicial sale of the property, and distribution of the proceeds of the sale in accordance with the rights of the parties. [Doc. 8]

The property at issue was formerly owned by defendant Charles Walter Moter. [Doc. 25, p.2] On June 2, 2003, an assessment of federal income tax, penalties and interest was made against Charles Walter Moter by the United States for the year 2002. [Id.] Pursuant to Internal Revenue Code ("IRC") sections 6321 and 6322, a lien for that year arose on June 2, 2003 and attached to Moter's undivided interest in the property. [Id.] On March 30, 2004, in accordance with IRC section 6323(f), a Notice of Federal Tax Lien was filed against Charles Walter Moter in the mortgage records of the Parish of Lafayette. [Id.] The Notice was refiled on February 22, 2013.[3] [Id. at 2-3]

---

[1] Jurisdiction is by virtue of 28 U.S.C. §§ 1442(a)(1), and 1444.

[2] The United States additionally filed a third party complaint against IberiaBank, BEST Cleaning Service, Inc., d/b/a BEST Carpet Care, and Lafayette City-Parish Consolidated Government. These defendants were subsequently dismissed from this suit. [Doc. 31]

[3] The remaining defendants' liens were all filed with the Lafayette Parish Clerk of Court subsequent to the filing of the United States' Notice of Federal Tax Lien. [Doc. 19-12 (State of Louisiana, Department of Revenue Notices of State Tax Assessment and Liens recorded June 13, 2005 and October 23, 2006); Doc. 19-13 (Lafayette Parish School Board judgment recorded June 21, 2005); Doc. 19-14 (NCO Portfolio Management, Inc. judgment recorded July 24, 2007);] In the absence of a controlling federal statute, the principle of "first in time is the first in right" controls when attempting to

Due to delinquent property taxes owed by Charles Walter Moter to the Parish of Lafayette, the Sheriff for Lafayette Parish offered the property at a foreclosure sale from May 6 through May 8, 2009. [Id. at 3] Notice of the sale was not provided to the United States in the manner mandated by 26 U.S.C. § 7425(c).[4] Cottonwood purchased tax sale title to the property at issue and recorded its Tax Sale Certificate in the conveyance records of the Lafayette Parish Clerk of Court on May 21, 2009. [Doc. 19-1, p. 6; Doc. 19-16, Doc. 21-1, p. 1]

The United States previously filed a motion for summary judgment seeking foreclosure of its tax lien, an order that "the property be sold according to law, free and clear of the liens and claims of the parties herein, and ordering that the net proceeds of the sale be paid to the United States on account of its tax lien, but only after Cottonwood Development is reimbursed for the property taxes it has paid in relation to the property." [Doc. 19, p. 1] In ruling upon that motion, the Court found the tax sale conducted by the Parish of Lafayette "was made subject to and without disturbing the United States' tax lien on the property." [Doc. 25, p. 5; *see also id.* at 6] However, the Court further found it could not grant the relief requested, in part because although the remaining defendants named by the United States (*i.e.*, Charles Walter Moter, the State of Louisiana, Department of Revenue, the Lafayette Parish School Board, and NCO Portfolio Management, Inc.) had been served with process, they had made no appearance in this matter,

---

determine priority between two or more competing liens. *United States v. City of New Britain, Conn.*, 347 U.S. 81, 85 (1954); *U.S. v. Roessling*, 280 F.2d 933, 935-36 (5th Cir. 1960).

[4]The sheriff complied with Louisiana state law by publishing notice of the tax sale in a local newspaper, but did not provide notice to the United States in the manner mandated by federal law. [Doc. 19-1, p. 5; Doc. 19-2, p. 5]

and the United States had not moved for a default judgment against those defendants.[5] [Id. at 8] Due to the foregoing, the Court held "although the United States has carried its burden to show it is entitled to the relief it seeks against plaintiff Cottonwood Development, such relief cannot be granted at this time." [Id.]

The United States has now filed a second motion for summary judgment against Cottonwood Development only, whereby it seeks a ruling more limited than originally sought, namely that "its federal tax lien survived the tax sale of the parcel of real property at issue, but that Cottonwood Development holds a claim in priority to the federal tax lien to the extent of the property taxes it has paid in relation to the property." [Doc. 33, p. 1] The Court has already found the tax sale conducted by the Parish of Lafayette "was made subject to and without disturbing the United States' tax lien on the property." [Doc. 25, p. 5; *see also id.* at p. 6] With regard to the second item of relief - a judgment finding "Cottonwood Development holds a claim in priority to the federal tax lien to the extent of the property taxes it has paid in relation to the property" - all parties, and the Court, agree that is a correct statement of the law in light of the undisputed facts in this matter.[6] [Doc. 37, p. 1]

---

[5]Subsequent to the filing of the pending motion, but prior to issuance of this Ruling, the United States obtained a default judgment against those defendants who had not appeared in this matter, thus curing the defect the Court found in the United States' prior motion. [Doc. 47]

[6]While plaintiff agrees it holds a claim in priority to the federal tax lien to the extent of the $13,064.10 in property taxes it has paid in relation to the property, plaintiff argues it is additionally entitled to various costs, fees, penalties and interest in the amount of $10,055.54 pursuant to Louisiana law. [Doc. 37-2] In its reply brief, defendant asserts the cited provisions of Louisiana law do not apply to this matter, and plaintiff is only entitled to the property taxes it has paid. [Doc. 44, pp. 3-4] However, defendant has not supported its argument with any legal authority. As this issue exceeds the scope of the relief requested by the pending motion, and plaintiff has not filed a cross-motion for summary judgment, the Court declines to assess the amount owed to plaintiff at this time, other than to hold plaintiff is entitled to the amount of "property taxes it has paid in relation to the property," as set forth *supra*.

For the foregoing reasons, the United States motion for summary judgment [Doc. 33] is GRANTED, and the Court finds the United States' federal tax lien survived the sale of the parcel of real property at issue, and further finds plaintiff Cottonwood Development holds a claim in priority to the federal tax lien to the extent of the property taxes it has paid in relation to the property.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 5th day of ~~November~~ December, 2016.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE