UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| COTTONWOOD DEVELOPMENT | CIVIL ACTION NO. 6:13-0954 |
|---|---|
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| CHARLES WALTER MOTER, ET AL. | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM RULING

Now pending before the Court is the United States' Motion for Summary Judgment Foreclosing Its Tax Liens. [Record Document 50]. The United States argues:

> [I]t is entitled to judgment foreclosing its federal tax lien against the parcel of real property at issue, ordering that the property be sold according to law, free and clear of the liens and claims of the remaining parties herein (i.e., the United States; Cottonwood Development; Charles W. Moter; the State of Louisiana, Department of Revenue; Lafayette Parish School Board; and NCO Portfolio Management, Inc.), and ordering that the proceeds of the sale be paid to the United States to be applied to Charles W. Moter's outstanding federal income tax liability for 2002, but only after Cottonwood Development is reimbursed for the property taxes it has paid in relation to the property.

[*Id.* at 1]. Plaintiff, Cottonwood Development ("Cottonwood"), has filed a response, indicating that it has no objection to the foreclosure provided that it is reimbursed for the property taxes it paid on the subject property. [Record Document 53 at 1]. For the following reasons, the motion is **GRANTED**.

## I. Background

On April 8, 2013, Cottonwood filed this suit in state court to quiet title to a parcel of real property located in Lafayette Parish, Louisiana ("the Property"). [Record Document 1-2]. In its suit, Cottonwood named the following Defendants: Charles Walter Moter ("Moter"); the United States

of America, Department of Treasury - Internal Revenue Service; the State of Louisiana, Department of Revenue ("Louisiana Department of Revenue"); the Lafayette Parish School Board, and NCO Portfolio Management, Inc. ("NCO"). [*Id.* at 2]. The United States then removed the matter to this Court,[1] [Record Document 1], and filed an answer, a counterclaim against Cottonwood, a crossclaim against Moter, the Louisiana Department of Revenue, the Lafayette Parish School Board, and NCO (collectively, "Crossclaim Defendants"), [Record Document 8 at 4], and claims against three additional parties: IberiaBank, BEST Cleaning Service, Inc., and the Lafayette City-Parish Consolidated Government, [*id.* at 4–6]. The United States brought suit against these parties because "each of them may claim an interest in and/or a lien on [the] property upon which the United States seeks to foreclose its federal tax liens." [*Id.* at 6].

The Property was formerly owned by Moter. [Record Document 19-1 at 3–4]. On June 2, 2003, an assessment of federal income tax, penalties, and interest was made against Moter by the United States for the year 2002. [*Id.* at 1–2]. Pursuant 26 U.S.C. §§ 6321–6322 (2012), a lien for that year arose on June 2, 2003 and attached to Moter's undivided interest in the Property. [*Id.* at 2]. On March 30, 2004, a Notice of Federal Tax Lien was filed against Moter in the mortgage records of Lafayette Parish. [*Id.* at 4]. The Notice was refiled on February 22, 2013.[2] [*Id.*].

Due to delinquent property taxes owed by Moter to Lafayette Parish, the Sheriff for Lafayette Parish offered the Property at a non-judicial foreclosure sale. [Record Documents 19-1 at 5 and 21-1

---

[1] Jurisdiction is by virtue of 28 U.S.C. §§ 1442(a)(1), 1444 (2012).

[2] The remaining Defendants' liens were all filed subsequent to the filing of the United States' Notice of Federal Tax Lien. [Record Documents 19-10–19-15]. In the absence of a controlling federal statute, the principle of "first in time is the first in right" controls the priority of a tax lien. *United States v. City of New Britain*, 347 U.S. 81, 85 (1954); *United States. v. Roessling*, 280 F.2d 933, 935–36 (5th Cir. 1960). For this reason, the Court has already held that the United States' tax lien outranks the other Defendants' interests. [Record Document 47].

at 1]. Notice of the sale was provided only in accordance with Louisiana law, not in the manner mandated by 26 U.S.C. § 7425(c)(1) (2012), which requires that notice of the forced sale of property on which the federal government has a lien be given "in writing, by registered or certified mail or by personal service, not less than 25 days prior to such sale." [Record Document 25 at 5–6]. Cottonwood purchased tax sale title to the Property and recorded its Tax Sale Certificate in the Lafayette Parish conveyance records on May 21, 2009. [Record Documents 19-1 at 6 and 21-1 at 1].

In a prior ruling, the Court applied 26 U.S.C. § 7425(b)(1) and found because proper notice of the sale was not provided to the United States, the sale of the Property did not affect the United States' tax lien. [Record Document 25 at 5–6]. Thus, the Court concluded that the United States had shown it was entitled to foreclose on the Property. [*Id.* at 8]. However, the Court also found that it could not grant the United States' motion for summary judgment at that time because (1) the record did not show service upon IberiaBank, BEST Cleaning Service, Inc., and the Lafayette City-Parish Consolidated Government and (2) the United States had not properly obtained default judgments against the Crossclaim Defendants. [*Id.* at 7–8]. Following the correction of these deficiencies, [Record Documents 31 and 47],[3] the Court granted the United States' motion for partial summary judgment, finding that Cottonwood "holds a claim in priority to the federal tax lien to the extent of the property taxes it has paid in relation to the property," [Record Document 48 at 5].

## II. **The United States' Motion**

The United States has now filed a third motion for summary judgment, seeking to foreclose

---

[3] Cottonwood and the United States executed a joint stipulation dismissing Lafayette City-Parish Government, IberiaBank, and BEST Cleaning Service, Inc, [Record Document 31], and the Court entered default judgments against the Crossclaim Defendants, [Record Document 47].

on the Property and receive the proceeds of the tax sale after Cottonwood is reimbursed for the property taxes that it paid. [Record Document 50]. Although Cottonwood has filed a responsive brief styled as a Memorandum in Opposition, [Record Document 53], the title is a misnomer. Cottonwood has no objections:

> Cottonwood does not object to the United States foreclosing on its tax liens, but only after Cottonwood is reimbursed for the *ad valorem* taxes it paid in relation to the subject property pursuant to its 2009 Lafayette Parish Tax Sale Certificate recorded in the Lafayette Parish Conveyance Records as File Number 2009-00020043 on May 21, 2009.

[Record Document 53 at 1]. Thus, Cottonwood's responsive brief merely clarifies Cottonwood's entitlement to $13,064.10 as reimbursement for the *ad valorem* parish taxes paid for the years 2008-2013. [*Id.*]. Although the United States has filed no reply brief, the United States previously agreed that Cottonwood is owed $13,064.10 and "should be reimbursed that amount in priority to the federal tax lien upon a sale of the property." [Record Document 44 at 3].

### III. Law and Analysis

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the movant satisfies its initial burden of showing that

---

[4] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this Court will rely on it accordingly.

there is no genuine dispute of material fact, the nonmovant must demonstrate that there is, in fact, a genuine issue for dispute at trial by going "beyond the pleadings" and designating specific facts for support. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 325).

The Court has already found that the United States' tax lien survived the sale to Cottonwood, [Record Document 25 at 5–6], that the United States' lien has priority over the Crossclaim Defendants' interests, [Record Document 47 at 2], and that Cottonwood's claim for the amount of property taxes paid has priority over the United States' lien, [Record Document 48 at 5]. Therefore, no factual disputes remain unresolved. The Court has also found that the United States is entitled to foreclose on the Property pursuant to 26 U.S.C. § 7403 (2012). [Record Document 25 at 8]. *See* 26 U.S.C. § 6323(b)(6)(A), (i)(2) (2012); La. Civ. Code Ann. art. 1829(2) (2008). Thus, the United States has carried its burden to show that is entitled to judgment as a matter of law.[5]

## IV. Conclusion

Therefore, because there are no disputed facts, because the Court has found that the United States is entitled to foreclose on the Property as a matter of law, and because the United States has addressed the deficiencies that prevented the Court from allowing the foreclosure to proceed, summary judgment for the United States is now appropriate. Accordingly,

**IT IS HEREBY ORDERED** that the motion for summary judgment filed by the United States of America [Record Document 50] is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States of America may: (1) foreclose on its

---

[5] While a district court has some limited discretion to decline to order a forced sale, *United States v. Rodgers*, 461 U.S. 677, 706 (1983), the Court will not exercise its equitable discretion because neither party currently objects to the foreclosure sale.

federal tax lien against the real property at issue, bearing the address of 219 Brumley Road, Duson, Louisiana 70529; (2) sell said property according to law, free and clear of the claims of all other parties herein; and (3) pay the proceeds of the sale first to Cottonwood Development for reimbursement of its payment of property taxes in the amount of $13,064.10, then to the United States of America to be applied to Charles W. Moter's outstanding federal income tax liability.

**IT IS FURTHER ORDERED** that the United States of America is to submit a proposed Order for Issuance of Writ of Seizure and Sale by **November 8, 2017**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this ___26th___ day of October, 2017.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE